IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. WOOLMAN, | ) | 4:11CV3044 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LANCASTER COUNTY ATTORNEYS OFFICE, | ) ) | |
| | ) | |
| Respondent. | ) | |

    The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner asserts that on June 14, 2010, he pled no contest to disturbing the peace and was sentenced to 5 days in jail. (*Id*. at CM/ECF p. 1.) Liberally construed, Petitioner also asserts that while he was confined, three correctional officers "[e]ntrapped" him, beat him to the ground and "just about tasered" him to death. (*Id*. at CM/ECF p. 6.)

    In *Preiser v. Rodriguez*, the Supreme Court clarified that a habeas corpus action "is an attack by a person in custody upon the legality of that custody." 411 U.S. 475, 484 (1973). If a petitioner is not challenging the validity of his conviction, the length of his detention, or collateral consequences attached to a conviction, then a writ of habeas corpus is not the proper remedy. See *id*. at 499; *Spencer v. Kemna*, 523 U.S. 1, 9 (1998) (describing how a writ of habeas corpus can still benefit a petitioner, even after he has been released from confinement, by eliminating some of the "collateral consequences that attached to the conviction as a matter of law").

    Here, Petitioner pled no contest to disturbing the peace on June 14, 2010, and was sentenced to 5 days in jail. (Filing No. 1 at CM/ECF p. 2.) Petitioner does not allege that his conviction is wrongful or that he is suffering from any attached

collateral consequences. Instead, Petitioner asserts that while he was confined, three correctional officers "[e]ntrapped" him, beat him to the ground and "just about tasered" him to death. (*Id*. at CM/ECF p. 6.) If, while in custody, correctional officers used excessive force to violate Petitioner's civil rights, Petitioner's remedy lies under 42 U.S.C. § 1983, not with a writ of habeas corpus. Indeed, Petitioner's excessive force allegations do not render his custody pursuant to his disorderly conduct conviction unconstitutional, nor do they serve as a basis for vacating Petitioner's conviction. *See*, *e.g.,* *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001) ("Excessive force used after an arrest does not destroy the lawfulness of the arrest."); *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (holding that it is an "established rule that illegal arrest or detention does not void a subsequent conviction"). Accordingly, this court lacks subject matter jurisdiction to issue a writ of habeas corpus in this matter.

However, on the court's own motion, Petitioner shall have thirty days to file an amended petition to clarify whether he his challenging the validity of his conviction or collateral consequences attached to his conviction. If Petitioner fails to file an amended petition in accordance with this Memorandum and Order, the Petition shall be dismissed without prejudice for lack of subject matter jurisdiction.[1]

IT IS THEREFORE ORDERED that:

1. The court lacks subject matter jurisdiction to issue a writ of habeas corpus in this matter.

---

[1] The court notes that Petitioner has also filed a section 1983 case in this court that raises his excessive force claims. (*See* Case No. 11CV3043, Filing No. 1.) Therefore, to the extent that Petitioner mislabeled his Petition, dismissing it will not prevent him from litigating his excessive force claims.

2. Petitioner shall have until May 20, 2011, to file an amended Petition and clarify whether he his challenging the validity of his conviction or collateral consequences attached to his conviction.

3. If Petitioner fails to file an amended petition in accordance with this Memorandum and Order, the court will dismiss the Petition without prejudice for lack of subject matter jurisdiction.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended petition on May 20, 2011, and dismiss if none filed.

DATED this 19th day of April, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.