IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. WOOLMAN, | ) | 4:11CV3044 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LANCASTER COUNTY | ) | |
| ATTORNEYS OFFICE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on its own motion. On April 19, 2011, the court conducted an initial review of the Petition for Writ of Habeas Corpus ("Petition") (filing no. 1) to determine whether Petitioner's claims were potentially cognizable in federal court. In doing so, the court stated:

> Here, Petitioner pled no contest to disturbing the peace on June 14, 2010, and was sentenced to 5 days in jail. (Filing No. 1 at CM/ECF p. 2.) Petitioner does not allege that his conviction is wrongful or that he is suffering from any attached collateral consequences. Instead, Petitioner asserts that while he was confined, three correctional officers "[e]ntrapped" him, beat him to the ground and "just about tasered" him to death. (*Id*. at CM/ECF p. 6.) If, while in custody, correctional officers used excessive force to violate Petitioner's civil rights, Petitioner's remedy lies under 42 U.S.C. § 1983, not with a writ of habeas corpus. Indeed, Petitioner's excessive force allegations do not render his custody pursuant to his disorderly conduct conviction unconstitutional, nor do they serve as a basis for vacating Petitioner's conviction. *See*, *e.g.*, *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001) ("Excessive force used after an arrest does not destroy the lawfulness of the arrest."); *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (holding that it is an "established rule that illegal arrest or detention does not void a subsequent conviction"). Accordingly, this court lacks subject matter jurisdiction to issue a writ of habeas corpus in this matter.

(Filing No. 8 at CM/ECF pp. 1-2.) However, the court provided Petitioner with an opportunity to file an amended petition to clarify whether he was challenging the validity of his conviction or collateral consequences attached to his conviction. (*Id*. at CM/ECF p. 2.)

Over the next month, Petitioner filed a Brief (filing no. 10) an Index of Evidence (filing no. 11), an "Expert Witness Deposation [sic]" (filing no. 12) and an Amended Petition (filing no. 13). The court has carefully reviewed these documents including the Amended Petition. Petitioner discusses an ongoing state court proceeding and asserts that the county court judge is "withholding evidence." (Filing No. 10 at CM/ECF p. 6.) However, Petitioner does not allege that his conviction is wrongful or that he is suffering from any collateral consequences. Accordingly, the court will dismiss this matter for lack of subject matter jurisdiction.[1]

IT IS THEREFORE ORDERED that:

1.  The court lacks subject matter jurisdiction to issue a writ of habeas corpus in this matter.

2.  A separate judgment will be entered in accordance with this Memorandum and Order.

---

[1] The court notes that Petitioner has also filed a section 1983 case in this court that raises his excessive force claims. (*See* Case No. 11CV3043, Filing No. 1.) On March 16, 2011, the court abstained from exercising jurisdiction over this section 1983 case because Petitioner was in the process of litigating his claims in state court. (*See* Case No. 11CV3043, Filing No. 17.)

DATED this 5th day of July, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.